Case No. CV 17-5979-MWF (SKx)　　　　　Date: October 20, 2017
Title:　　Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

Present:　　The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

　　　　Deputy Clerk:　　　　　　　　　　　Court Reporter:
　　　　Rita Sanchez　　　　　　　　　　　Not Reported

　　　　Attorneys Present for Plaintiff:　　Attorneys Present for Defendant:
　　　　None Present　　　　　　　　　　　None Present

**Proceedings (In Chambers):**　　ORDER GRANTING MOTION TO REMAND [14]

Before the Court is Plaintiff Peter Bures' Motion to Remand (the "Motion"), filed September 15, 2017. (Docket No. 14). Defendants Quest Diagnostics Clinical Laboratories, Inc., Quest Diagnostics Domestic Holder, LLC, Unilab Corporation dba Quest Diagnostics, Dennis Hogle, and Gerard Gibson (together, "Defendants"), filed their Opposition on September 25, 2017. (Docket No. 15). Bures filed his Reply on October 2, 2017. (Docket No. 17). The Court has read and considered the papers filed on the Motion and held a hearing on **October 16, 2017**.

For the reasons set forth below, the Motion is **GRANTED**. Defendants have not established that Bures cannot possibly state a claim against Defendant Gibson, and therefore have not carried the burden to show fraudulent joinder of Defendant Gibson. Because complete diversity is lacking, the Court remands the action to Los Angeles Superior Court. Bures' request for attorneys' fees and costs is **DENIED**.

## I.　BACKGROUND

Peter Bures filed this action on January 24, 2017, in Los Angeles Superior Court, alleging claims for harassment and discrimination based on race, national origin, and ancestry; disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); harassment based on disability; failure to accommodate disability in violation of FEHA; failure to engage in interactive process in violation of FEHA; failure to prevent harassment; discrimination in violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                    Date:  October 20, 2017
Title:    Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

FEHA; retaliation in violation of the California Family Rights Act ("CFRA"); retaliatory termination of employment in violation of FEHA; wrongful termination in violation of public policy; and intentional infliction of emotional distress. (*See generally* Complaint (Docket No. 1-2)).  All twelve causes of action are alleged against the three corporate defendants, while only the claims for harassment based on disability and intentional infliction of emotional distress are alleged against Defendant Gibson. (*See id.*).

The three entity defendants are organized under the laws of Delaware with headquarters in New Jersey, Defendant Hogle resided at the relevant times in Nevada, and Defendant Gibson resided at the relevant times in California. (Notice of Removal at ¶¶ 7–9).

Bures' claims are rooted in alleged mockery of his accent (he is originally from Czechoslovakia) and alleged discrimination, harassment, and retaliation for medical conditions requiring him to miss work for surgeries and recovery. (Compl. ¶¶ 8–19).

With regard to Defendant Gibson specifically, the Complaint alleges that upon returning to work from hip replacement surgery on or about October 20, 2015, Bures learned that Defendant Gibson was his new supervisor. (Compl. ¶ 16). That same day, Bures notified Defendant Gibson that he might need to miss more work for a second surgery. (*Id.*). Later that same day, Defendant Gibson gave Bures a "Final Warning" dated July 1, 2015 – the last day that Bures worked before going on medical leave for his hip replacement. (*Id.* ¶ 17). Bures was terminated on December 18, 2015, less than two months after returning from surgery. (*Id.* ¶19).

After Bures filed the Complaint, the parties commenced discovery. Bures was deposed on July 12, 2017 and August 1, 2017. (Opp. at 2). Based on those depositions, Defendants determined that Defendant Gibson had been fraudulently joined, and removed the action to federal court based on diversity jurisdiction on August 11, 2017. (*Id.* at 2–3). The parties do not dispute that the removal was timely. Bures filed the instant Motion to Remand on September 15, 2017. The parties do not dispute that this Motion, based on lack of subject matter jurisdiction, is also timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                    Date:  October 20, 2017
Title:     Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

Since the Motion was filed, the parties have stipulated to dismissal of Defendants Quest Diagnostics Clinical Laboratories, Inc. and Quest Diagnostics Domestic Holder, LLC.  (Docket No. 19).  The remaining named defendants are Unilab Corporation, Dennis Hogle, and Gerard Gibson.

## II.  **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  It has long been recognized that a failure to state a plausible claim for relief against a non-diverse defendant does not, by itself, establish fraudulent joinder. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (stating that to establish fraudulent joinder, the defendant must "prove that individuals joined in the action cannot be liable on *any* theory.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-5979-MWF (SKx)                    Date: October 20, 2017
Title:    Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper "where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015).

When considering a claim of fraudulent joinder, district courts may consider the Complaint as well as other information presented by the parties. *Polo v. Innoventions Int'l*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering complaint and affidavits to determine fraudulent joinder); *Gloger v. Lynch*, No. CV 16-05445-CAS-E, 2016 WL 477015, at *4 (C.D. Cal. Sept. 2, 2016) ("Courts may consider affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'") (citations omitted).

## III. **DISCUSSION**

Defendants argue that removal was proper because, in light of Bures' deposition testimony, there is no way he can maintain a claim against Defendant Gibson, the only nondiverse defendant. (Opp. at 3). Defendants specifically point to Bures' admissions, *inter alia*, that Defendant Gibson was "a very nice person"; that Bures did not believe Defendant Gibson wanted to terminate his employment; that Defendant Gibson never made negative comments towards Bures regarding his medical leave or condition; and that, to the extent Defendant Gibson played a role in the decision to terminate Bures, Bures believed he was only acting at the direction of someone else. (*Id.* at 2).

A claim for intentional infliction of emotional distress ("IIED") is based on four elements: (1) extreme and outrageous conduct; (2) intention to cause, or reckless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)						Date:  October 20, 2017
Title:	Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of emotional distress.  *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155 n.7, 233 Cal. Rptr. 308 (1987).

To prevail on a claim for harassment in violation of FEHA, an employee must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of" a plaintiff's protected classification.  *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 42 Cal. Rptr. 3d 2 (2006); *see also Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996) ("harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives").

Defendants argue that Bures' admissions, described above, as well as Bures' allegations based only on "speculation and assumptions", foreclose IIED or harassment claims against Defendant Gibson.  (Opp. at 4–6).  Specifically, Defendants contend that Defendant Gibson in fact had "no decision-making involvement in any disciplinary or termination decision" and did not actually recommend a background check against Bures, and that Bures' contention that Defendant Gibson used coded words to urge other employees to harass Bures is "nonsense."  (Opp. at 4–6).

Bures contends that Defendants' selective citation to Bures' deposition testimony fails to address other relevant discovery responses.  (Mot. at 6).  For example, Defendant Unilab's discovery responses indicate that Defendant Gibson weighed in on the decision to terminate Bures.  (*Id.* (citing Declaration of Matthew T. Hale ("Hale Declaration"), ¶ 2, Ex. 1)).  Bures also points to additional evidence that Defendant Gibson facilitated or recommended a background check of Bures post-termination, and contacted Bures via text message in an attempt to distance himself from Bures' termination after the fact.  (*Id.* (citing Hale Decl. ¶¶ 3, 4, Exs. 2, 3)).  Bures further contends Defendant Gibson's sworn testimony in his declaration contradicts other Defendants' discovery responses, which demonstrates the likelihood that additional discovery will substantiate Bures' claims against Defendant Gibson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                    Date:  October 20, 2017
Title:     Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

(Reply at 6–8). Bures also contends that Defendants themselves point to several pieces of evidence that, with further discovery, will substantiate allegations regarding Defendant Gibson's motives and creation of a hostile work environment. (*Id.* at 4–5).

Bures therefore argues that he "reasonably characterized as extreme and outrageous" Defendant Gibson's conduct, including that Defendant Gibson caused a background check to be conducted on Bures, harassed Bures outside of work, and used coded language to another employee about Bures' disability. (Mot. at 8–9). Bures claims this evidence substantiates Defendant Gibson's personal motive and propensity to act beyond the scope necessary for job performance. (*Id.* at 6).

Defendants' arguments about the baselessness of Bures' allegations against Defendant Gibson may ultimately prove correct. As Defendant Unilab argued at the hearing, Defendant Gibson's connection to the factual basis of the Complaint as currently alleged is indeed attenuated. But Defendants have made no contention whatsoever that the superior court will not permit Bures to amend his Complaint to cure any deficient allegations. *See Johnson*, 2014 WL 6475128, at *8 (remanding action "where defendant fail[ed] to show that the plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment"); *Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695 at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege [a] viable claim [for intentional infliction of emotional distress] against [his former supervisor] under California law.").

In the wrongful termination context, one district court confronted with a similar complaint held as follows:

> Michaels does not demonstrate that Ontiveros cannot plead an emotional distress claim against his former manager as a matter of law; it asserts only that the complaint presently fails to state a viable emotional distress claim. While Ontiveros' vague allegations concerning Baghdadlian's conduct may be insufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-5979-MWF (SKx)                Date:  October 20, 2017
Title:     Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

>      differentiate the alleged conduct from normal personnel
>      management actions, the deficiencies do not demonstrate that
>      Ontiveros would not be able to amend to allege a viable IIED claim
>      against Baghdadlian based on discriminatory practices. . . . This is
>      particularly true since Ontiveros alleges that Baghdadlian's actions
>      were motivated by discriminatory animus. Michaels' arguments,
>      which go to the merits of the pleading as currently alleged, do not
>      demonstrate that Baghdadlian is a sham defendant. Consequently,
>      Michaels fails to meet its heavy burden of showing that
>      Baghdadlian has been fraudulently joined.

*Ontiveros v. Michaels Stores, Inc.,* No. CV 12-09437-MMM (FMOx), 2013 WL 815975, at *7 (C.D. Cal. Mar. 5, 2013).

     As in *Ontiveros*, Defendants' Notice of Removal and Opposition to the present Motion only demonstrate that Bures' Complaint may presently fail to state a claim against Defendant Gibson.  Although Defendants argue that Bures' admissions "establish <u>as a matter of law</u> that Plaintiff has no claim against Gibson" (Opp. at 6 (emphasis in original)), as Bures argued at the hearing, the admissions Defendants cite do not actually foreclose any of the elements of either claim against Defendant Gibson. And, as discussed above, the Court has no reason to believe that, if the Superior Court finds Bures' IIED and harassment claims deficient, it will not permit him to amend the Complaint.  Bures can still "***possibly state a claim*** against [Gibson] in state court." *Stanbrough v. Georgia-Pac. Gypsum LLC*, No. CV 08-08303-GAF (AJWX), 2009 WL 137036, at *2 (C.D. Cal. Jan. 20, 2009) (emphasis in the original) (remanding to state court where, "[e]ven if the allegations in Plaintiffs' complaint are insufficient to withstand a demurrer in state court, an issue as to which the Court offers no opinion, Defendants have not sufficiently established that Plaintiffs could not amend their complaint and add additional allegations to correct any deficiencies.").

     The cases Defendants cite in support of their Opposition are distinguishable.  In *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir.2001), the Ninth Circuit affirmed a finding of fraudulent joinder in a negligent misrepresentation action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                    Date:  October 20, 2017
Title:     Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

where the nondiverse defendant's alleged misrepresentation was "devoid of any meaningful specificity," the plaintiffs' past actions established that they "could not have reasonably relied upon such statement in any event," and a plaintiff's own affidavit "specifically denied that she ever discussed" the alleged matters with the defendant.  Here, although Bures' deposition testimony may undermine the claims against Defendant Gibson, his admissions do not actually foreclose any particular element of IIED or harassment as the plaintiff's affidavit did in *Morris.*

In *McCabe v. Gen. Foods Corp*, 811 F.2d 1336, 1339 (9th Cir. 1988), the Ninth Circuit affirmed the district court's finding of fraudulent joinder in an action for tortious interference with a contract where the nondiverse defendants had acted in a managerial capacity only.  Because California law privileges agents' conduct to the extent it was performed on the principal's behalf, the claims against the nondiverse defendants failed as a matter of California law.  *Id.*  Unlike in *McCabe*, Bures has presented the possibility that Defendant Gibson did not act solely at the direction of his employer with regard to his treatment of Bures.

In *McCabe*, as in *Morris*, it was "obvious" that the claims against the nondiverse defendants failed as a matter of law.  *Id.  See also Maffei v. Allstate Cal. Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal.2006) (dismissing claims against nondiverse corporate defendant where evidence showed that defendant "has never conducted any business of any kind anywhere, has never been capitalized, has never had any assets, ... has never had any employees, offices, or operations of any kind, ... [and] in short, ... is nothing more than an empty corporate shell created in anticipation of a business plan that was never carried out.") (internal quotations omitted); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1136–37 (S.D. Cal.1998) (dismissing claims against nondiverse individual defendants where defendants were named in complaint caption and headings but defendants' names were entirely absent from the body of the complaint); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal.1992) (dismissing claims against nondiverse individual insurance agent where agent's relationship to plaintiff arose solely out of negotiation of insurance contract; settled and obvious law provides that agents are not liable on contracts where they fully disclose the existence and identity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                   Date:  October 20, 2017
Title:    Peter Bures -v.- Quest Diagnostics Clinical Laboratories, et al.

their principal); *Zogbi v. Federated Dept. Store*, 767 F. Supp. 1037, 1041–42 (C.D. Cal.1991) (dismissing claims for breach of employment contract against nondiverse individual defendants, as defendants were plaintiff's managers and were not parties to the employment contract).

Here, as attenuated as Defendant Gibson's relationship to the alleged facts may be, it is not obvious that, as a matter of law, Bures cannot state a claim against him, especially if given an opportunity to amend the Complaint. As a result, the Court cannot disregard Defendant Gibson's California citizenship for diversity purposes. Because Defendant Gibson is a California citizen, complete diversity is lacking, and the action must be remanded to state court. *See* 23 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. ATTORNEYS' FEES

Bures requests attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If the Court determines Bures is entitled to attorneys' fees and costs, Bures intends to file a declaration with the Court detailing the amounts. (Mot. at 9).

Whether or not to award fees and costs under § 1447(c) is within the Court's discretion. *See* 28 U.S.C. § 1447(c) ("order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Dall v. Albertson's Inc.*, 349 F. App'x 158, 159 (9th Cir. 2009) ("Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees . . . ."). Given that removal in this case was at least colorable, the request for costs and attorneys' fees is **DENIED**. The deposition does make this particular case out of the ordinary. It is not just a foredoomed effort to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-5979-MWF (SKx)                    Date:  October 20, 2017
Title:      Peter Bures *-v.-* Quest Diagnostics Clinical Laboratories, et al.

ignore citizenship based on a defendant's outrage at the transparent motivation for including the non-diverse defendant, which this Court sees all the time.

## III.  CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**.  The Court **REMANDS** the action to Los Angeles Superior Court.  The request for attorneys' fees and costs is **DENIED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.